**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE MASON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER INC.,<br><br>Defendant. | Civil Action No. 21-10222 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Denise Mason and Madelyn Levy's ("Plaintiffs") Motion for Voluntary Dismissal of Complaint Without Prejudice (the "Motion") under Federal Rule of Civil Procedure 41(a)(2). (ECF No. 14.) Defendant Johnson & Johnson Consumer Inc. ("Defendant") opposed (ECF No. 16), and Plaintiffs replied (ECF No. 17). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiffs' Motion.

**I.    BACKGROUND**

This matter arises from a nationwide class action suit against Defendant for alleged deceptive advertising and failing to disclose the risks of its OGX hair products. (Compl. ¶¶ 1-2, ECF No. 1.) Specifically, Plaintiffs claim that Defendant failed to disclose to consumers the risk of hair loss or scalp irritation caused by a defective ingredient in its products. (*Id.* ¶¶ 2-3.) Plaintiffs now sue on behalf of themselves and others similarly situated for breach of the products' express

and implied warranties and violations of both state and federal consumer protection laws. (*Id.* ¶¶ 1-2, 13-14, 125-88.)

Plaintiffs initiated this suit in April 2021. (ECF No. 1.) The following month, the Court stayed the action pending mediation between the parties (ECF No. 4), which was unsuccessful (*see* ECF No. 6). That mediation included two similar, putative nationwide class action suits against Defendant that were pending in the U.S. District Courts for the Central District of California and Northern District of Illinois. *See Moreno v. Johnson & Johnson Consumer Inc.*, No. 21-2666 (C.D. Cal. 2021); *Whipple v. Johnson & Johnson Consumer Inc.*, No. 21-50226 (N.D. Ill. 2021). After mediation failed, Defendant moved to transfer both of those cases to this District. (*See* Def.'s Opp'n Br. 6, ECF No. 16.) Shortly after, Defendant filed its answer to the Complaint in this matter (ECF No. 10), and Plaintiffs filed the instant Motion stating that they "do not wish to pursue their current claims against Defendant" (Pls.' Mot. to Dismiss 2, ECF No. 14). In support, Plaintiffs argue that the nascent stage of the litigation and the similarity of the parallel claims in other jurisdictions lessen any potential prejudice to or burden on Defendant resulting from the dismissal. (Pls.' Mot. to Dismiss 2; Pls.' Reply Br. 4, ECF No. 17.)

Defendant opposes, claiming it will "suffer legal prejudice and excessive duplicative expense" if dismissal is granted without prejudice. (Def.'s Opp'n Br. 2.) Further, Defendant accuses Plaintiffs of forum shopping and attempting to undermine its then-pending transfer motions to this District, which will "burden[] both the Court and the [D]efendant with duplicative lawsuits in multiple courts." (*Id.* at 1.) After the parties submitted briefing for the instant Motion, however, both *Moreno* and *Whipple* were transferred to this District. *See Whipple v. Johnson & Johnson Consumer Inc.*, No. 21-19830 (D.N.J. 2021), ECF No. 33; *Moreno v. Johnson & Johnson Consumer Inc.*, No. 21-18128 (D.N.J. 2021), ECF No. 24. Thus, Defendant's argument concerning the transfer motions is moot.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request a voluntary dismissal of his or her complaint, which district courts are empowered to grant "on terms that the court considers proper."[1] Fed. R. Civ. P. 41(a)(2). Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the court, but in general, "a motion for dismissal should not be denied absent substantial prejudice to the defendant." *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted). As such, the guiding inquiry on a Rule 41(a)(2) motion is whether the defendant will be prejudiced by the dismissal. *Emmanouil v. Mita Mgmt., LLC*, No. 11-5575, 2015 WL 5023049, at *3 (D.N.J. Aug. 24, 2015). "[I]n deciding a Rule 41(a)(2) motion, 'a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense.'" *Williamson v. Daiichi Sankyo*, No. 15-2606, 2017 WL 2226734, at *2 (D.N.J. May 22, 2017) (internal citations omitted). Notably, neither the "mere prospect of a second lawsuit" nor the fact that the plaintiff "may gain some tactical advantage by a voluntary dismissal" is sufficient on its own to constitute prejudice to the defendant. *Selby v. Inspira Med. Ctrs., Inc.*, No. 18-9675, 2018 WL 6696775, at *1 (D.N.J. Dec. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) and *Environ Prods., Inc. v. Total Containment, Inc.*, No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995)).

## III.  DISCUSSION

Courts in this District consider multiple factors when deciding a voluntary dismissal motion under Rule 41(a)(2), including "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." *Shamrock Creek, LLC. v. Borough of Paramus*, No. 12-2716, 2015 WL 3902307, at *2

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

(D.N.J. June 23, 2015) (citing *Sporn*, 173 F. Supp. 2d at 255). Notably, the U.S. Court of Appeals for the Third Circuit has adopted a liberal standard for allowing voluntary withdrawal. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863 ("Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" (internal citation omitted)). In contrast, the with-prejudice dismissal that Defendant seeks is a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000). On balance, the Court finds this matter should be dismissed under Rule 41(a)(2) without prejudice.

*First*, regarding the case's progression, the Court notes that this litigation is at an early stage. Plaintiffs filed their Complaint less than a year ago, and the case was stayed during the parties' mediation. (*See* ECF No. 4.) Neither party has engaged in discovery and the Court has not issued a Rule 16 scheduling order or set a trial date. Defendant answered Plaintiffs' Complaint but otherwise did not engage in other motion practice. *Cf. Sporn*, 173 F. Supp. 2d at 255 (rejecting plaintiff's voluntary motion to dismiss where the case had been pending for four years, undergone significant discovery, and caused the defendant to incur substantial expense). The Court finds this factor weighs in favor of voluntary dismissal.

*Second*, considering Defendant's litigation expense and effort, the infancy of the matter again weighs heavily in favor of allowing voluntary dismissal. *Yazzie v. GlaxoSmithKline LLC*, No. 12-1006, 2013 WL 3993455, at *2 (E.D. Pa. Aug. 5, 2013) ("Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial."). What's more, Defendant's Answer in this matter will likely address any future complaint filed by Plaintiffs with little added effort. *See Sporn*, 173 F. Supp. 2d at 255 (considering "the effort and expense incurred by a defendant" and "the extent to which the current case has progressed" as factors on a Rule 41(a)(2) motion). Legal prejudice "does not result simply when

4

[D]efendant faces the prospect of a second lawsuit." *Environ Prods., Inc.*, 1995 WL 459003, at *4 (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Importantly, Defendant's main argument against voluntary dismissal is moot now that the similar class actions were transferred to this District. (*See* Def.'s Opp'n Br. 7 ("[T]iming of Plaintiffs' Motion . . . illustrates Plaintiffs' effort to undermine [Defendant]'s transfer of the related actions to this District . . . .[Defendant] will incur excessive and duplicative expense in defending the related class actions in three separate jurisdictions.").)

*Finally*, Plaintiffs promptly moved for voluntary dismissal shortly after mediation, with no lengthy delay. *See Selby*, 2018 WL 6696775, at *2 (considering "plaintiff's diligence in bringing the motion to dismiss" as a factor in granting Rule 41(a)(2) dismissal). This, too, weighs in favor of granting Plaintiffs' Motion.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion and dismisses this case without prejudice under Rule 41(a)(2). An Order consistent with this Memorandum Opinion will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE